# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

---

| | |
|---|---|
| IN RE PERSEON CORPORATION, formerly known as BSD Medical Corporation,<br><br>   Debtor. | BAP No. UT-16-023 |
| B.E. CAPITAL MANAGEMENT FUND LP,<br><br>   Appellant,<br><br>v.<br><br>PERSEON CORPORATION, formerly known as BSD Medical Corporation,<br><br>   Appellee. | Bankr. No. 16-24435<br>Chapter 11 |

---

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE PERSEON CORPORATION, formerly known as BSD Medical Corporation,<br><br>Debtor. | BAP No. UT-16-023 |
| B.E. CAPITAL MANAGEMENT FUND LP,<br><br>Appellant,<br><br>v.<br><br>PERSEON CORPORATION, formerly known as BSD Medical Corporation,<br><br>Appellee. | Bankr. No. 16-24435<br>Chapter 11<br><br><br>ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT BE CONSIDERED FOR DISMISSAL AS INTERLOCUTORY |

A review of the documents in this appeal suggests that the order appealed may not be a final order. See *Catlin v. United States*, 324 U.S. 229, 233 (1945) (An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Interlocutory orders may be appealed only with leave of the Court. 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8004(a); *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 768 (10th Cir. BAP 1997).

Accordingly, it is HEREBY ORDERED that:

    (1) Within fourteen (14) days from the date of this Order, the Appellant shall file with the Court a memorandum of law setting forth the Appellant's

position regarding whether the order appealed is final, or whether leave to appeal an interlocutory order should be granted. If the Appellant seeks leave to appeal the order, the motion for leave to appeal should comply with Federal Rule of Bankruptcy Procedure 8004(b).

(2)  The Appellee's response, if any, is due seven (7) days from the date of service of the Appellant's memorandum or motion.

(3)  Failure to respond to this Order will result in the dismissal of this appeal for failure to prosecute. Fed. R. Bankr. P. 8003(a)(2); 10th Cir. BAP L.R. 8026-4(b), (c).

For the Panel:

*Blaine F. Bates*

Blaine F. Bates
Clerk of Court